UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                   )
WOLLASTON INDUSTRIES, LLC,         )
                                   )
                  Plaintiffs,      )
                                   )
v.                                 )        Civil Action
                                   )        No. 19-10678-PBS
ROBERT E. CICCONE, d/b/a           )
R.E. CICCONE DOOR SERVICES,        )
FRANK E. CICCONE, d/b/a F.E.       )
CICCONE AND CO. and R.E. CICCONE   )
DOOR SERVICES, LLC,                )
                                   )
                  Defendants.      )
_____)


                       **MEMORANDUM AND ORDER**

                          December 16, 2019

Saris, C.J.

                           **INTRODUCTION**

    This is a contract dispute arising from the recent renovations of the Longfellow Bridge and the Hatch Shell in Boston, Massachusetts. Wollaston Industries, LLC ("Wollaston") has sued Robert E. Ciccone, Frank E. Ciccone, and R.E. Ciccone Door Services, LLC for (1) breach of contract, (2) fraud in the inducement, (3) fraudulent conversion of property, and (4) and violations of Chapter 93A. Frank E. Ciccone now moves for summary judgment on all counts, and all the Defendants jointly move to dismiss the fraud-based claims. After hearing, the Court

                                   1

**ALLOWS** Frank Ciccone's motion for summary judgement (Dkt. No. 25) and **ALLOWS** Defendants' motions to dismiss (Dkt. Nos. 24 & 31).

## BACKGROUND

Unless otherwise noted, the following factual background comes from the complaint and must be taken as true at this stage. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014).

### I. Parties

Wollaston is a Massachusetts based limited liability metals manufacturing company. Robert E. Ciccone ("Robert") is a New Hampshire resident and Manager of R.E. Ciccone Door Services ("Ciccone"), a New Hampshire limited liability company that works in commercial door service and repair. Frank E. Ciccone ("Frank") is an Arizona resident and Robert Ciccone's father. Frank Ciccone formerly did business as F.E. Ciccone & Co., a Massachusetts corporation which dissolved in 1990. Between 2016 and 2018, Ciccone hired Wollaston as a sub-contractor for two construction projects in Boston, Massachusetts: the Longfellow Bridge in 2016 and the Hatch Shell in 2018.

### II. Procedural History

Wollaston filed a complaint with the Bristol County Superior Court on March 22, 2019. The case was removed to this Court on April 9, 2019. Defendants filed an answer and

2

counterclaim for breach of contract against Wollaston on May 1, 2019. Following a failed attempt to mediate the dispute through ADR, Frank Ciccone filed a motion for summary judgment on July 12, 2019. Plaintiff has not opposed that motion. On July 12, 2019, Defendants filed a motion to dismiss the fraudulent conversion claim (Count III). Then, on July 24, 2019, Defendants filed a motion to dismiss the fraudulent inducement claim (Count II). Wollaston did oppose both motions to dismiss. The Court held a hearing on the pending motions on November 6, 2019.

## III. **Facts**

On December 12, 2016, Ciccone issued a purchase order to Wollaston along with a $12,000 deposit for "casting and fabrication of monumental doors and frames" on an open-ended basis for the rebuilding of the Longfellow Bridge, connecting Boston to Cambridge at Charles Circle ("Longfellow Bridge Sub-Contract"). The primary contractor on the Longfellow Bridge project was White-Skanska-Consigli Joint Venture ("White"). The project was owned by the Commonwealth of Massachusetts. Under the Longfellow Bridge Sub-Contract, Ciccone provided jobs and occasional payments to Wollaston for the work it undertook on the Longfellow Bridge. As of November 30, 2018, Ciccone still owed Wollaston $94,017.83 for work performed pursuant to the Longfellow Bridge Sub-Contract.

On or about February 13, 2018, Ciccone contracted with Wollaston to provide repair and restoration of monumental bronze doors for installation at the Hatch Shell on the Charles River Esplanade ("Hatch Shell Sub-Contract"). Ciccone was hired as a sub-contractor to work on the Hatch Shell's restoration and waterproofing by a separate prime contractor, Folan Waterproofing and Construction, Inc. ("Folan"), at the request of the owner, the Commonwealth of Massachusetts. Under the Hatch Shell Sub-Contract, Ciccone provided jobs and occasional payments to Wollaston for the work on the Hatch Shell. As of November 30, 2018, Ciccone still owed Wollaston $44,087.19 for work performed pursuant to the Hatch Shell Sub-Contract

In total, Wollaston claims that Ciccone still owes it $138,105.02 under the two sub-contracts.

## **DISCUSSION**

There are three pending motions before the Court. Frank Ciccone has moved for summary judgment on the basis that he was erroneously named as a defendant. The Court will allow that motion as unopposed.[1] The two remaining motion to dismiss are for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). When faced with a motion to dismiss for failure to state a claim, the Court must set aside any

---

[1] At the November 6, 2019 hearing, Wollaston conceded that the claims against Frank Ciccone should be dismissed.

statements that are merely conclusory and examine only the pleader's factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

## I. Fraud in the Inducement (Count II)

In order to state a claim of fraud in the inducement under Massachusetts law, the plaintiff must allege a false representation, material to the negotiations, upon which the plaintiff reasonably relied in entering into an agreement with the defendant. Nash v. Trustees of Bos. Univ., 946 F.2d 960, 962-63 (1st Cir. 1991). Wollaston's fraudulent inducement claim is based on the theory that Ciccone submitted false documentation (i.e., certifications and/or lien waivers) to the primary contractors, White and Folan, to obtain payment. Specifically, Wollaston alleges that Ciccone represented to White and Folan that no subcontractors (i.e., Wollaston) were owed money for their work, which was a prerequisite to the prime contractors paying Ciccone. This is not enough for Wollaston to state a claim for fraudulent inducement against Defendants.

5

Wollaston nowhere alleges that Defendants made false representations of material fact <u>to Wollaston</u>. Nor does Wollaston allege that it acted in reliance on any false statements made by Defendants. Therefore, Wollaston's fraudulent inducement claim must be dismissed because it has failed to plead that it reasonably relied on a false statement by Ciccone before entering into either of the sub-contract agreements.

## II. Fraudulent Conversion (Count III)

Conversion is the wrongful exercise of ownership, control and dominion over the property of another. <u>Struzziero v. Lifetouch Nat. School Studios, Inc.</u>, 677 F. Supp. 2d 350, 354 (D. Mass. 2009). Under Massachusetts law, a conversion claim has four elements: "(1) the defendant intentionally and wrongfully exercised control or dominion over the personal property; (2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion; (3) the plaintiff was damaged by the defendant's conduct; and (4) if the defendant legitimately acquired possession of the property under a good faith claim of right, then plaintiff's demand for its return was refused." <u>See</u> <u>Evergreen Marine Corp. v. Six Consignments of Frozen Scallops</u>, 4 F.3d 90, 95 (1st Cir. 1993). Money can be the subject of a claim for conversion provided it is a specific pool or fund of money in which the plaintiff has a possessory interest. <u>See</u> <u>Weiler v. PortfolioScope, Inc.</u>, 12

6

N.E.3d 354, 365 (Mass. 2014); In re Hilson, 863 N.E.2d 483, 491 (Mass. 2007); Grand Pac. Fin. Corp. v. Brauer, 783 N.E.2d 849, 857 (Mass. App. Ct. 2003).

Like its fraudulent inducement claim, Wollaston's fraudulent conversion claim is based on the theory that Defendants fraudulently obtained money from the prime contractors, White and Folan, by representing that all its sub-contractors had been paid in full. Defendants argue that this claim must be dismissed because Wollaston did not have a possessory interest in the monies paid by the prime contractors to Ciccone. The complaint does not allege that Ciccone was obligated to pay Wollaston a portion of the funds received from the prime contractors. See Weiler, 12 N.E.3d at 366 (dismissing conversion claim where plaintiff had contractual right to amount equaling 5% of litigation fund as opposed to 5% of fund itself). Therefore, Wollaston's fraudulent conversion also must be dismissed because it has failed to plead the existence of a possessory interest in the monies paid by the prime contractors to Ciccone, which is an essential element of the claim.

Wollaston counters that it possesses an equitable interest in those funds. In some circumstances, courts have recognized that a sub-contractor holds an equitable interest in a contract balance owed by a project owner to a general contractor. See, e.g., Active Fire Sprinkler Corp. v. United States Postal

7

Service, 811 F.2d. 747, 755 (2d Cir. 1987). But Wollaston has not provided any Massachusetts authority to suggest that an equitable interest can support a conversion claim. Some courts in other jurisdictions have held that "[a] mere equitable interest in personal property generally does not constitute a sufficient basis for the maintenance of an action for conversion." 18 Am. Jur. 2d, Conversion, § 72 (2019); see also Shipley v. Meadowbrook Club, Inc., 126 A.2d 288, 293 (Md. 1956) ("[A] mere equitable interest will not suffice."); Sydney v. Coca-Cola Co., 569 S.W.2d 11, 14 (Mo. Ct. App. 1978) ("[T]here must be a conversion of a legal as opposed to a mere equitable interest in property in order to maintain an action of trover for its conversion."). So, even if the Court were to accept Wollaston's contention that it possessed an equitable interest in the monies White and Folan paid to Ciccone, the conversion claim still would fail.

## ORDER

For the foregoing reasons, Frank Ciccone's motion for summary judgment (Dkt. No. 25) and Defendants' motions to dismiss (Dkt. Nos. 24 & 31) are **ALLOWED**.

SO ORDERED.

/s/ PATTI B. SARIS  
Hon. Patti B. Saris  
Chief United States District Judge